**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | | |
|---|---|---|
| RICCO SMITH, | : | |
| | : | **CIV. NO. 19-21186(RMB-KMW)** |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN DAVID KELSEY, *et al.*, | : | |
| | : | |
| Defendants | : | |

**BUMB, DISTRICT JUDGE**

Plaintiff Ricco Smith, a pretrial detainee confined in Atlantic County Justice Facility, filed this civil rights action on December 6, 2019. (Compl., ECF No. 1.) Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (IFP App., ECF No. 1-1.) 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1)Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month

period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff did not submit the required certified copy of his prisoner trust account statement.

The Court will administratively terminate this action.[1] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, <u>see</u> U.S.C. § 1915(b)(1). For the reasons discussed below, the Court would dismiss the complaint upon screening.

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

I. *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

3

U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the

4

amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

   A.  The Complaint

Plaintiff alleges he is on a cardiac diet and the food he is provided in Atlantic County Justice Facility does not meet his dietary requirements and is harmful to his health. (Compl., ECF No. 1, §IV.) The defendants to this action are Warden David Kelsey of the Atlantic County Justice Facility, Aramark and Atlantic County Freeholders. (Id., ¶3.) Specifically, Plaintiff alleges

> David Kelsey is illegally depriving inmates of nutritious meals by useing [sic] Aramark, who in fact serve[s] inmates the lowest grade of food, such as processed food that is high in sugar and sodium, which is extremely detrimental to my health. I have high blood pressure and I take medication and I am on a Special Diet[.] Nothing is being done about this[.] In addition to my claim against Aramark, they serve with my Special Diet, replacing my food with food paste, white flour and nutritionally lacking starches like potatoes and rice, replaced healthy proteins with processed meat[.] David Kelsey also stocks canteen store with high sodium chips and sugar cookies and pies.
>
> Everything on my tray is high in starch and sodium and I am on a cardiac diet and should be fed properly[.] This county jail has a moral and legal duty to provide minimum level of nutrition to myself and other inmates. The warden and Aramark orders inmates working food service to water down Veggies, hot cereal,

>       liquid cheese and old bread scraps and similar
>       fillers.

(Compl., ECF No. 1, ¶IV.) For relief, Plaintiff seeks an injunction ordering Defendants to serve a medically sufficient diet with low sodium, low fat and high fiber foods. (Id., ¶V.)

   B.   Due Process Claim under Fourteenth Amendment

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

The Fourteenth Amendment's Due Process Clause governs the conditions of confinement for pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hubbard v. Taylor, 399 F.3d 150, 166 (3d

6

Cir. 2005). The Constitution requires that inmates be provided with basic human needs, including a diet that provides "adequate nutrition." Duran v. Merline, 923 F. Supp. 2d 702, 719-20 (D.N.J. 2013). A prison diet violates the Constitution where it poses an "immediate danger to the health and wellbeing of the inmates who consume it[.]" Alpheaus v. Camden Cty. Corr. Facility, No. 17-0180, 2017 WL 2363001, at *10 (D.N.J. May 31, 2017) (quoting Duran, 923 F. Supp. 2d at 720).

"Objectively, '[w]hether the deprivation of food falls below this [constitutional] threshold depends on the amount and duration of the deprivation.'" Duran, 932 F. Supp. 2d at 720 (quoting Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999)). Furthermore, prison officials may not be held liable for violating an inmate's right to adequate nutrition unless the inmate shows that the officials acted with a sufficiently culpable state of mind. Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007), cert. denied, 552 U.S. 1180 (2008) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)) ("Unconstitutional punishment typically includes both objective and subjective components.") An inference of the subjective element of the Fourteenth Amendment conditions of confinement claim is permitted when the condition "is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose." Stevenson, 495

F.3d at 68 (quoting Rapier v. Harris, 172 F.3d 999, 1005 (7th Cir. 1999)).

Here, Plaintiff has not alleged the duration of time that he has been subjected to nutritionally lacking food containing high sodium and high sugar, which is pertinent to whether his diet poses an immediate threat to his health. Additionally, Plaintiff has not alleged who prescribed his cardiac diet and when it was prescribed. Most importantly, Plaintiff has not alleged facts showing that Warden Kelsey knew that Plaintiff's cardiac diet was not followed. For these reasons, the Court would dismiss the claim against Warden Kelsey without prejudice upon conclusive screening.

Plaintiff's claims for relief against Aramark and the Atlantic County Freeholders are also deficient. Under the Fourteenth Amendment, Plaintiff must allege facts showing that Aramark and the Atlantic County Freeholders had a custom or policy of serving such inadequate or insufficient food that it amounted to "punishment" in violation of the Fourteenth Amendment's Due Process Clause. Bell, 441 U.S. at 535; Natale v. Camden County Correctional Facility, 318 F.3d 575, 583 (2003) (for government contractor to be liable, it must have had a custom or policy that caused the constitutional violation); Mora v. Camden Cnty., Civ. No. 09-4183, 2010 WL 2560680, *8 (D.N.J. June 21, 2010) (applying

8

Bell to claim of inadequate nutrition); Duran, 923 F. Supp. 2d at 719 (same).

Plaintiff alleges Aramark provided food lacking nutritional value that was inconsistent with his cardiac diet, and that Aramark ordered inmates to water down food and use fillers. Plaintiff has not adequately alleged that Aramark or Atlantic County Freeholders were deliberately indifferent to an immediate danger to his health because he has not alleged the duration of time that he was subjected to a high sodium, high sugar diet that was contrary to his prescribed cardiac diet, nor that the defendants were aware of his special dietary needs. See Davis v. Yates, Civ. No. 15-6943(KM)(JBC), 2020 WL 526129, at *8 (D.N.J. Feb. 3, 2020) (quoting Carson v. New Jersey Dep't of Corr., Civ. No. 16-5163, 2019 WL 2137364, at *4 (D.N.J. May 16, 2019)) (requiring deliberate indifference to establish subjective element of Fourteenth Amendment conditions of confinement claim). As such, the Court would dismiss the Fourteenth Amendment claims against Aramark and the Atlantic County Freeholders without prejudice, upon conclusive screening of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). If Plaintiff wishes his complaint to surviving screening for failure to state a claim, he should file an amended complaint pleading additional facts to support his claims.

III. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action. An appropriate Order follows.

DATE: April 1, 2020

                                     <u>s/Renée Marie Bumb</u>
                                     **RENÉE MARIE BUMB**
                                     **United States District Judge**